985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ismail A. RAHEEM, Plaintiff-Appellant,
v.
Robert LECUREUX, et al., Defendants-Appellees.
 No. 92-1561.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1993.
 
 Before BOYCE F. MARTIN, JR., MILBURN, and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Ismail A. Raheem, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Raheem sued the warden and two correctional officers of Kinross Correctional Facility in their individual and official capacities. He alleged that the defendants violated his rights under the Eighth and Fourteenth Amendments by placing him in a "strip cell" in October 1989 for his refusal to submit to a body cavity search following a contact visit with individuals from outside the institution. He further alleged that while held in the strip cell, he was denied food and water for 24 hours and was denied clothing and personal hygiene items for three days.
 
 
 3
 A magistrate judge recommended that Raheem's complaint be dismissed in a report filed March 3, 1992. He concluded that the complaint was merely an attempt to relitigate issues that had been raised and decided on the merits in the defendants' favor in a prior action. A panel of this court affirmed that prior decision in an unpublished opinion. Raheem v. Lecureux, No. 91-1434 (6th Cir. Oct. 3, 1991). The district court overruled Raheem's objections, adopted the magistrate judge's report and recommendation, and dismissed the complaint on the basis of res judicata in an order and judgment filed March 27, 1992.
 
 
 4
 On appeal, Raheem argues that his Eighth Amendment claim is not barred by res judicata and that both his Eighth and Fourteenth Amendment rights were violated by his placement and conditions of confinement in the strip cell. He requests the appointment of counsel in his brief.
 
 
 5
 We affirm the district court's judgment. A district court dismissal of a case on res judicata grounds is reviewed de novo. See Sanders Confectionery Products, Inc. v. Heller Financial, Inc., 973 F.2d 474, 480 (6th Cir.1992), petition for cert. filed (Nov. 16, 1992).
 
 
 6
 Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Kremer v. Chemical Construction Corp., 456 U.S. 461, 467 n. 6 (1982). Raheem admits that his claims were previously raised in his "original complaint." These claims were adjudicated on the merits and were decided adversely to Raheem. He argues, however, that he should not be barred from bringing this action for two reasons.
 
 
 7
 Raheem asserts that the magistrate who considered his earlier action did not decide his Eighth Amendment claim and instructed him to raise it in a separate action. However, the district court adopted the recommendation in the magistrate's supplemental report and dismissed the entire action. Consequently, Raheem is not entitled to relief on this ground.
 
 
 8
 Raheem's second argument also must fail. He argues that his Eighth Amendment claim for damages should be reinstated in light of the Supreme Court's recent decision in Hafer v. Melo, 112 S.Ct. 358 (1991). This claim was denied in Raheem's prior action on the basis of Eleventh Amendment immunity. Thus, this issue also is precluded from reconsideration. Both Raheem's original and his current complaint were against the defendant state officials in their individual and official capacities. Under controlling circuit law at the time his first appeal was decided, the suit was considered to be filed against the defendants in their official capacity only, and so the claim for damages was found to be barred by the Eleventh Amendment. While Hafer, allows state officials to be sued in their individual capacity for acts taken in the course of their official duties and may be held liable for damages if they have violated the plaintiff's constitutional rights, such is not before us here. See Hafer, 112 S.Ct. at 362-63.
 
 
 9
 The request for appointment of counsel is denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.